UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br>Susan M. Neiger<br>fka Susan M. Miller,<br>(nfs Jeffrey L. Neiger)<br>　　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 13-33813 PP<br><br>Adv. No. 13-02937 |

Michael F. Dubis, Trustee,

　　　　　　　　　Plaintiff,

　　　v.

Blackhawk Community Credit Union,

　　　　Defendant and Third-Party Plaintiff

　　　　　v.

Jeffrey L. Nieger and
Susan M. Neiger

　　　　　Third-Party Defendants.

**DEFENDANT BLACKHAWK COMMUNITY CREDIT UNION'S ANSWER TO PLAINTIFF'S COMPLAINT AND THIRD-PARTY COMPLAINT AGAINST DEBTOR SUSAN M. NEIGER AND THIRD-PARTY DEFENDANT JEFFREY L. NEIGER**

Defendant Blackhawk Community Credit Union ("Blackhawk"), by its attorneys, Reinhart Boerner Van Deuren s.c., answers the Complaint of plaintiff Michael F. Dubis, Trustee ("Plaintiff"), as follows:

ALLEGATION NO 1:

The plaintiff is the duly qualified and acting Trustee in Bankruptcy of the above debtor who filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 21, 2013. Upon information and belief, the defendant, Blackhawk Community Credit Union ("*Blackhawk*"), is a Wisconsin State chartered credit union with an address of 2640 W. Court

Street, Janesville, WI 53547. Its CEO is Sherri Stumpf. Blackhawk has a first mortgage on the subject property.

ANSWER:

Upon information and belief, defendant Blackhawk admits the allegations contained in Paragraph 1.

ALLEGATION NO 2:

This is a core proceeding under 28 U.S.C. Section 157(b)(2)(K) and the Court has jurisdiction under 28 U.S.C. Section 1334(a), (b) or (c).

ANSWER:

Paragraph 2 calls for legal conclusions to which no answer is required. However, Blackhawk concedes that this is a core proceeding and that this Court has jurisdiction. To the extent that said paragraph can be construed to state an assertion of fact, defendant Blackhawk lacks information or knowledge sufficient to form a belief as to the truth or falsity of the matters asserted, and therefore, denies same, putting Plaintiff to his burden of proof.

ALLEGATION NO 3:

On January 8, 2009, for valuable consideration, the debtor's husband, the non-filing spouse, Jeffrey L. Neiger, re-financed his home with the defendant. To secure this re-financing, Jeffrey gave the defendant a real estate mortgage, attached and incorporated herein as Exhibit A. This was not a purchase money mortgage; Jeffrey having owned the property for approximately 4-5 years before Exhibit A. On January 8, 2009, both the debtor and Jeffrey were married and the real estate described in the mortgage was their homestead.

ANSWER:

Defendant Blackhawk lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding when the Debtor and Jeffrey Neiger were married and whether or not this property was their homestead when the Blackhawk Mortgage was granted, and therefore, denies same, putting Plaintiff to his burden of proof. Blackhawk affirmatively asserts that the Blackhawk Mortgage, attached as Exhibit A to the Complaint, is in writing and speaks for itself, and denies all allegations in said paragraph characterizing the document, reciting what it allegedly states, or describing its alleged legal effect.

Blackhawk admits that, on January 8, 2009, for valuable consideration, the Debtor's husband, the non-filing spouse, Jeffrey L. Neiger, re-financed his home with Blackhawk, and that to secure this re-financing, Jeffrey granted and conveyed to Blackhawk the Blackhawk Mortgage attached as Exhibit A to Plaintiff's Complaint. Blackhawk affirmatively asserts that the Blackhawk Mortgage is valid and enforceable against both the Debtor and Jeffrey Neiger. Blackhawk also affirmatively asserts that, in the alternative, it is entitled to an equitable lien in the amount of $154,769.51, plus interest at the interest rate stated in the notes for the Countrywide loans that were paid off by Blackhawk, pursuant to the doctrine of equitable subrogation, as fully set forth in the affirmative defenses and the third-party claim for a declaratory judgment, below.

ALLEGATION NO 4:

At the time of execution of Exhibit A, the real estate is martial property either in whole or in part (*See*, Wis. Stat. § 766.63). It is property of the bankruptcy estate under Section 541(a)(2) of the Bankruptcy Code. The real estate was the homestead of both parties before, at the time of and after the execution of Exhibit A. Under Section 706.02(1)(f) of the Wisconsin Statutes, the

Mortgage referenced by Exhibit A, being a re-finance mortgage, is void and/or voidable since it was not signed by the debtor and because it alienates an interest of a married person in a homestead (*See, In re Stanfield*, 408 B.R. 229 (E.D. Wis. 2009)). Further, the Trustee succeeds to the debtor's avoidance rights. (*See, In re Larson*, 346 B.R. 486 (E.D. Wis. 2006).[1]

ANSWER:

Paragraph 4 calls for legal conclusions to which no answer is required. To the extent that said paragraph can be construed to state an assertion of fact, defendant Blackhawk lacks information or knowledge sufficient to form a belief as to the truth or falsity of the matters asserted, and therefore, denies same, putting Plaintiff to his burden of proof. Blackhawk specifically denies that the Blackhawk Mortgage is void and/or voidable for the reasons stated in the affirmative defenses set forth below.

Blackhawk admits that the Trustee is not challenging the validity of the $30,000 second mortgage, but denies the remaining allegations contained in Footnote No. 1. Blackhawk specifically denies that it satisfied a $30,000 second mortgage, and affirmatively asserts that Mortgage Electronic Registration Systems, Inc. satisfied both the $133,600 purchase money mortgage from Countrywide Home Loans, Inc. ("Countrywide") and the $30,000 second mortgage from Countrywide upon payment by Blackhawk of the full amount due under the loans secured by those mortgages. Blackhawk also affirmatively asserts that Countrywide's second mortgage was recorded on November 17, 2006, not November 16, 2006. Blackhawk specifically denies that the satisfaction of Countrywide's second mortgage imparts any constructive notice on Blackhawk that Jeffrey Neiger was married in 2009, three years later, when the Blackhawk

---

[1] It should be noted that the defendant satisfied a $30,000.00 second mortgage (not being challenged by the Trustee) from the non-filing spouse and the debtor. This mortgage was recorded November 16, 2006, as Doc. No. 694024. This should have put the defendant on constructive notice that Exhibit A, dated more than two years later, was defective and needed to be corrected.

Mortgage was signed or that the Blackhawk Mortgage was somehow defective. Blackhawk affirmatively asserts that the Blackhawk Mortgage is not defective, and that it is valid and enforceable for the reasons set forth in the affirmative defenses set forth below.

ALLEGATION NO 5:

The Trustee is a hypothetical *bona fide purchaser and/or judgment lien holder and/or the holder of an unsatisfied judgment execution* pursuant to Sections 544(a)(1) and/or (2) and/or (3) of the Bankruptcy Code. Also, pursuant to Section 544(b) of the Code, the Trustee has the status of an *unsecured creditor with an allowable claim*. Because of his status under Section 544 of the Bankruptcy Code, he has standing to void the defendant's mortgage, and he is able to preserve the mortgage lien under Section 551 of the Bankruptcy Code.

ANSWER:

Paragraph 5 calls for legal conclusions to which no answer is required. To the extent that said paragraph can be construed to state an assertion of fact, defendant Blackhawk lacks information or knowledge sufficient to form a belief as to the truth or falsity of the matters asserted, and therefore, denies same, putting Plaintiff to his burden of proof. Blackhawk affirmatively asserts that Plaintiff cannot avoid the Blackhawk Mortgage because the Blackhawk Mortgage is not voidable by a bona fide purchaser, judgment lien holder, or holder of an unsatisfied judgment execution because the Blackhawk Mortgage was properly recorded and provided constructive notice to all subsequent purchasers of Blackhawk's interest in the property. Plaintiff cannot use his avoiding power to negate that interest in the chain of title, pursuant to Section 706.05(7) of the Wisconsin Statutes.

# AFFIRMATIVE DEFENSES

Further answering Plaintiff's Complaint and as additional defenses thereto, defendant Blackhawk asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff, and without prejudice to Blackhawk's right to plead additional defenses as discovery into the facts of the matter warrant:

1. Plaintiff's Complaint fails to state a claim against defendant Blackhawk upon which relief may be granted, because, *inter alia*, Plaintiff does not allege acts sufficient, as a matter of law or fact, to void the Blackhawk Mortgage.

2. The Blackhawk Mortgage is valid and enforceable against Plaintiff, the Debtor and Jeffrey Neiger. Plaintiff has the burden of proof and must show, *inter alia*, that the Debtor and her non-filing husband were married on January 8, 2009, the closing date of the Blackhawk loan, and that the residence located at 528 Valencia Drive in Delavan, Wisconsin was occupied by the Debtor as her primary residence on said closing date.

3. In the alternative, Blackhawk is entitled to an equitable lien in the amount of $154,769.51, plus interest at the interest rate stated in the notes for the Countrywide loans that were paid off by Blackhawk, based on equitable subrogation, because Blackhawk fully performed Jeffrey Neiger's obligations to Countrywide under notes secured by mortgages. Upon Jeffrey Neiger's request and promise of repayment, Blackhawk paid off two loans: (1) a loan by Countrywide in the amount of $126,752.53, which was secured by a purchase money mortgage encumbering the property, dated November 12, 2004 and recorded on November 15, 2004 in the Walworth County Register of Deeds as Document No. 622890, and (2) a loan by Countrywide in the amount of $28,016.98, which was secured by a second mortgage not being challenged by the Trustee encumbering the property, dated November 9, 2006 and recorded on November 17, 2006

6

in the Walworth County Register of Deeds as Document No. 694024. Blackhawk fully performed Jeffrey Neiger's obligations to Countrywide and intended and reasonably expected to obtain a valid and enforceable first lien on the property to secure the consideration given to Jeffrey Neiger, who, on account of misrepresentation, mistake, deceit or other similar imposition, failed to obtain his wife's signature on the loan documents, including the Blackhawk Mortgage. The Blackhawk Mortgage was properly recorded and provided constructive notice to all subsequent purchasers, pursuant to Section 706.05(7) of the Wisconsin Statutes. Having recorded a mortgage that was valid on its face, Blackhawk stands in the shoes of Countrywide to assert a lien having the same priority as the purchase money mortgage lien and the second lien not being challenged by the Trustee. Subrogation will not materially prejudice the Debtor's rights in any way because Blackhawk's entire loan was a refinance of the money Jeffrey Neiger used to buy the Property, Blackhawk did not lend any new money and the amount of the lien securing the indebtedness actually decreased. It would result in unjust enrichment to the Debtor, the non-filing spouse/borrower and the Debtor's creditors if Plaintiff was allowed to void the Blackhawk Mortgage through this bankruptcy without granting an equitable lien to Blackhawk under such circumstances.

4. Plaintiff's claims are barred by waiver, estoppel and/or ratification because the Debtor and Jeffrey Neiger made payments on the Blackhawk Mortgage since it was granted on January 8, 2009, over five years ago, and the Debtor failed to assert her alleged homestead veto power during that entire time.

5. Plaintiff has failed to join necessary and indispensable parties under Section 803.03 of the Wisconsin Statutes, namely the Debtor, Susan M. Miller, and her non-filing husband, Jeffrey L. Neiger.

6. Plaintiff has failed to mitigate his damages.

## THIRD-PARTY COMPLAINT

For its third-party complaint against the Debtor, Susan Neiger, and her non-filing spouse, Jeffrey L. Neiger, defendant and third-party plaintiff Blackhawk Community Credit Union ("Blackhawk"), by its attorneys, Reinhart Boerner Van Deuren s.c., alleges as follows:

### Count I - Declaratory Judgment

1. Blackhawk incorporates by reference all of its answers and affirmative defenses to the allegations contained in the preceding paragraphs, as though fully set forth herein.

2. Blackhawk is a Wisconsin State chartered credit union with its principal offices located at 2640 West Court Street in Janesville, Wisconsin.

3. Upon information and belief, debtor Susan M. Neiger (the "Debtor") is an adult resident of the State of Wisconsin, currently residing at 528 Valencia Drive in Delavan, Wisconsin.

4. Upon information and belief, third-party defendant Jeffrey L. Neiger is an adult resident of the State of Wisconsin, currently residing at 528 Valencia Drive in Delavan, Wisconsin.

5. Upon information and belief, Jeffrey Neiger is the non-filing spouse of Debtor.

6. Blackhawk brings this declaratory judgment claim pursuant to Chapters 840 and 841 of the Wisconsin Statutes.

7. This third-party complaint is a core proceeding under 28 U.S.C. § 157(b)(2)(K) and this Court has jurisdiction pursuant to 28 U.S.C. § 1334.

8. On or about November 12, 2004, Steven W. Saunders, a single person, conveyed the property located at 528 Valencia Drive in Delavan, Wisconsin, legally described as:

> Lot 10, Block 14, Inlet Oaks Subdivision No. 5, located in the Southeast ¼ of Section 15, T2N, R16E, Town of Delavan, Walworth County, Wisconsin

(the "Property"), by means of a warranty deed, which was recorded on November 15, 2004 in the Walworth County Register of Deeds as Document No. 622889 (the "Warranty Deed").  A true and correct copy of the Warranty Deed is attached hereto and incorporated herein by reference as **Exhibit A**.

9. On the same day, November 12, 2004, Jeffrey Neiger granted a mortgage to Countrywide Home Loans, Inc. ("Countrywide") in the amount of $133,600, said mortgage was recorded on November 15, 2004 in the Walworth County Register of Deeds as Document No. 622890 (the "Purchase Money Mortgage").  A true and correct copy of the Purchase Money Mortgage is attached hereto and incorporated herein by reference as **Exhibit B**.

10. On the same day, November 12, 2004, Jeffrey Neiger granted a second mortgage to Countrywide in the amount of $25,050, said mortgage was recorded on November 15, 2004 in the Walworth County Register of Deeds as Document No. 622891 (the "2004 Second Mortgage").  A true and correct copy of the 2004 Second Mortgage is attached hereto and incorporated herein by reference as **Exhibit C**.

11. Upon information and belief, Jeffrey Neiger used the loan proceeds secured by the Purchase Money Mortgage and the 2004 Second Mortgage to purchase the Property.

12. On or about July 6, 2006, Countrywide satisfied the 2004 Second Mortgage, said satisfaction was recorded on July 17, 2006 in the Walworth County Register of Deeds as Document No. 682475 (the "2004 Second Mortgage Satisfaction").  A true and correct copy of the 2004 Second Mortgage Satisfaction is attached hereto and incorporated herein by reference as **Exhibit D**.

13.     Four months later, on or about November 9, 2006, Jeffrey Neiger granted another mortgage to Countrywide in the amount of $30,000, said mortgage was recorded on November 17, 2006 in the Walworth County Register of Deeds as Document No. 694024 (the "2006 Second Mortgage").  Debtor also signed the 2006 Second Mortgage, but was not listed as a "Borrower" on page 1 of said mortgage.  A true and correct copy of the 2006 Second Mortgage is attached hereto and incorporated herein by reference as **Exhibit E**.

14.     Upon information and belief, some or all of the loan proceeds may have been used to pay off the indebtedness of the Countrywide loan secured by the 2004 Second Mortgage, and that Countrywide may have inadvertently satisfied the 2004 Second Mortgage before Jeffrey Neiger and Debtor granted the 2006 Second Mortgage.

15.     Plaintiff is not challenging the validity or enforceability of the 2006 Second Mortgage.

16.     On or about January 8, 2009, Jeffrey Neiger obtained a loan and granted a mortgage to Blackhawk in the amount of $158,400, said mortgage was recorded on January 15, 2009 in the Walworth County Register of Deeds as Document No. 752816 (the "Blackhawk Mortgage").  On page 3 of the Blackhawk Mortgage, Jeffrey Neiger, as the "Borrower," covenanted that "Borrower [was] lawfully seised of the estate hereby conveyed and [had] the right to mortgage, grant and convey the Property and that the Property [was] unencumbered, except for encumbrances of record."  Jeffrey Neiger also "warrant[ed] and [agreed to] defend generally the title to the Property against all claims and demands, subject to any encumbrances of record."  A true and correct copy of the Blackhawk Mortgage is attached hereto and incorporated herein by reference as **Exhibit F**.

17. Upon Jeffrey Neiger's request and promise of repayment, Blackhawk's loan money was used to pay off two loans: $126,752.53 was used to pay off the loan secured by Countrywide's Purchase Money Mortgage and $28,016.98 was used to pay off loan secured by Countrywide's 2006 Second Mortgage, for a total of $154,769.51. A true and correct copy of the Blackhawk Settlement Statement, dated January 8, 2009 is attached hereto and incorporated herein by reference as **Exhibit G**.

18. Blackhawk fully performed Jeffrey Neiger's obligations to Countrywide, which accepted the payoff money and satisfied its mortgages on the Property. A true and correct copy of the Satisfaction of Mortgage for Countrywide's Purchase Money Mortgage, dated January 15, 2009 and recorded on January 22, 2009 in the Walworth County Register of Deeds as Document No. 753167, is attached hereto and incorporated herein by reference as **Exhibit H**. A true and correct copy of the Satisfaction of Mortgage for Countrywide's 2006 Second Mortgage, dated April 10, 2009 and recorded on April 14, 2009 in the Walworth County Register of Deeds as Document No. 760311, is attached hereto and incorporated herein by reference as **Exhibit I**.

19. Blackhawk intended and reasonably expected to obtain a valid and enforceable first lien on the Property to secure the consideration given to Jeffrey Neiger.

20. The Blackhawk Mortgage was properly recorded and provided constructive notice to all subsequent purchasers of Blackhawk's mortgage interest in the Property, pursuant to Section 706.05(7) of the Wisconsin Statutes.

21. Having recorded a mortgage that was valid on its face, Blackhawk is equitably subrogated to the priority of Countrywide's Purchase Money Mortgage and Countrywide's 2006 Second Mortgage, and thus, stands in the shoes of Countrywide, who was paid in full at the closing of Blackhawk's loan.

22. Subrogation will not materially prejudice Debtor's rights in any way because Blackhawk's entire loan was a refinance of money Jeffrey Neiger used to buy the Property, Blackhawk did not lend any new money and the amount of the mortgage lien on the Property securing the indebtedness decreased.

23. Jeffrey Neiger, on account of misrepresentation, mistake, duress, undue influence, deceit or other similar imposition, failed to obtain Debtor's signature on the loan documents, including the Blackhawk Mortgage.

24. It would be unjust enrichment to Debtor, Jeffrey Neiger, and Debtor's creditors if Plaintiff was allowed to void the Blackhawk Mortgage through this bankruptcy without granting in equitable lien on the Property to Blackhawk.

25. An actual and justiciable controversy exists regarding Blackhawk's mortgage lien on the Property.

26. Blackhawk, on the one part, and Debtor and Jeffrey Neiger, on the other part, are adverse parties with competing interests in the Property.

27. Blackhawk is the current holder of the indebtedness under the note secured by the Blackhawk Mortgage and claims a mortgage lien on the Property.

28. Plaintiff, on behalf of Debtor's estate for the benefit of Debtor's creditors, is attempting to void Blackhawk's mortgage lien, which secures the loan proceeds that Blackhawk delivered to Countrywide at the request of Debtor's non-filing husband, Jeffrey Neiger to pay off his existing debt including the money used to purchase the Property.

29. Blackhawk has a legally protectible interest in the Property because Blackhawk holds a valid and enforceable lien on the property having priority over the interests of Debtor, Jeffrey Neiger and Debtor's creditors.

30. The issues involved in the dispute are ripe for judicial determination because Plaintiff seeks to void Blackhawk's mortgage lien through Debtor's bankruptcy.

31. The rights of the parties under the recorded documents and by law can be determined only by a declaratory judgment.

32. Blackhawk is entitled to an order of this Court, in recordable form, declaring that the Blackhawk Mortgage is valid and enforceable, and that its mortgage interest in the Property has priority over the interests of Debtor and her non-filing husband, Jeffrey Neiger, pursuant to Section 840.03(1) of the Wisconsin Statutes, which states:

> (1) Any person having an interest in real property may bring an action relating to that interest, in which the person may demand the following remedies singly, or in any combination, … :
>
> (a) Declaration of interest.
>
> (b) Extinguishment or foreclosure of interest of another.

33. In the alternative, Blackhawk is entitled to an order of this Court, in recordable form, declaring that Blackhawk has an equitable lien on the Property in the amount of $154,769.51, plus interest at the interest rate stated in the notes for the Countrywide loans that were paid off by Blackhawk, based on the doctrine of equitable subrogation, and that its mortgage interest in the Property has priority over the interests of Debtor and her non-filing husband, Jeffrey Neiger, pursuant to Section 840.03(1) of the Wisconsin Statutes.

**CLAIM FOR RELIEF**

WHEREFORE, defendant Blackhawk respectfully requests that the Court grant the following relief:

A. Dismissal of Plaintiff's complaint against defendant Blackhawk on the merits with prejudice;

B. An order, in recordable form, declaring that the Blackhawk Mortgage is valid and enforceable, and that its mortgage interest in the Property has priority over the interests of the Debtor's estate, the Debtor and her non-filing husband, Jeffrey Neiger, pursuant to Section 840.03(1) of the Wisconsin Statutes;

C. In the alternative, an order granting defendant Blackhawk Mortgage an equitable lien on the Property in the amount of $154,769.51, plus interest at the interest rate stated in the notes for the Countrywide loans that were paid off by Blackhawk, based on the doctrine of equitable subrogation, and that its mortgage interest in the Property has priority over the interests of Debtor and her non-filing husband, Jeffrey Neiger, pursuant to Section 840.03(1) of the Wisconsin Statutes;

D. Awarding defendant Blackhawk its attorney's fees, costs and disbursements in having to defend this action; and

E. Such other relief as the court deems just and equitable.

Dated: January 21, 2014

Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965
Telephone: 414-298-1000
Facsimile: 414-298-8097

/s/ *L. Katie Mason*
L. Katie Mason
WI State Bar ID No. 1060063
kmason@reinhartlaw.com
Attorney for Defendant
Blackhawk Community Credit Union

11302223